■ L. LOUISE ROZWELL, Respondent, v PHILANZ OLDSMOBILE, INC., et al., Defendants, and THOMAS BRUCE, Individually and as Salesman for PHILANZ OLDSMOBILE, INC., Appellant. (Appeal No. 1.)—Judgment unanimously affirmed with costs. Memorandum: In May 1986, plaintiff purchased what was held out as a new car from defendant Philanz Oldsmobile (Philanz). Defendant Thomas Bruce was a salesman employed by Philanz, and defendant Robert Bond was Philanz' sales manager. After receiving the car, plaintiff was not satisfied with its condition, which indicated to her that it was not, in fact, a new car. In pertinent part, plaintiff's complaint asserted a cause of action for fraud against Bruce and Bond as corporate employees and a cause of action for breach of contract against Philanz. On the fraud cause of action, the jury returned a verdict in favor of plaintiff and awarded compensatory damages in the amount of $1,500. On the breach of contract cause of action, the jury returned a verdict in favor of Philanz, but the trial court set aside that verdict, directed a verdict in favor of plaintiff and awarded her compensatory damages of $1,500. The jury further awarded plaintiff punitive damages in the amount of $21,600, apportioned as follows: Philanz, $21,000; Bond, $500; Bruce, $100. We affirm.

There is no merit to defendants' contention that the jury was improperly charged on the issue of punitive damages. The verdict on punitive damages was reached in bifurcated deliberations, following two phases of trial and separate jury charges. In the first phase of the trial, the only issue with respect to punitive damages was whether plaintiff was entitled to them. The charge on that issue properly informed the jury on the

quality of proof necessary to support an award of punitive damages *(see generally, Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196). In the second phase of the trial, the issue was the amount of punitive damages to be awarded, and the jury was properly charged on that issue. The trial court properly denied defendants' request to resubmit to the jury whether punitive damages should be awarded; a verdict had already been reached on that issue. There is no merit to defendants' contention that the awards of punitive damages were excessive.

The jury's verdict against Bond and Bruce, finding that they had fraudulently induced plaintiff to sign a purchase agreement for the car, was supported by sufficient evidence and was not against the weight of the evidence. We have examined defendants' other contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Monroe County, Rosenbloom, J.—Fraud.) Present—Callahan, J. P., Green, Pine, Boehm and Doerr, JJ.